**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Challenger Trading S.A., )<br><br>    *Plaintiff*, )<br><br>v. )<br><br>Valeska Shipping Lines Limited (t/a Valeska Nigeria) and Aiteo Group, )<br><br>    *Defendants*, )<br><br>And )<br><br>GoDaddy.com LLC, )<br><br>    *Garnishee*. ) | Civil Action No. _____<br><br>**IN ADMIRALTY** |

**VERIFIED COMPLAINT AND REQUEST FOR ISSUANCE OF**
**WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Challenger Trading S.A. ("Challenger" or "Plaintiff") brings this action against Defendants Valeska Shipping Lines Limited (t/a Valeska Nigeria) ("Valeska") and the Aiteo Group ("Aiteo," together with Valeska, "Defendants"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

**Jurisdiction and Venue**

1.     This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3.      Venue is proper in this District because the Garnishee GoDaddy.com LLC (the "Garnishee") is located and can be found in this District.  Defendants cannot be found in this District within the meaning of Supplemental Rule B.

**<u>The Parties</u>**

4.      Challenger is a Greek corporation and has its principal place of business at J Laliotis Building, 8, Poseidonos Avenue, Kallithea, 176 74 Athens, Greece.  At all times relevant to this action, Challenger was the owner of the M/V ADMIRAL L (the "Vessel").

5.      Valeska is a Nigerian corporation and has its principal place of business at Dockyard Road 5/7, Agapa, Lagos, Nigeria.

6.      Aiteo is a Nigerian corporation and has its principal place of business at Dockyard Road 5/7, Agapa, Lagos, Nigeria.

7.      The Garnishee named herein is an entity registered to do business, and with offices located, in this District.  On information and belief, the Garnishee holds property in which Valeska has an interest.

**<u>Facts</u>**

8.      Challenger and Valeska are parties to a time charter agreement (the "Time Charter"), entered into on or about February 22, 2013, pursuant to which Challenger agreed to charter the Vessel to Valeska.

9.      Valeska intended to use the Vessel for a single voyage between two Nigerian ports.

10.     Valeska failed to register the Vessel with and failed to obtain the required clearances from the Nigerian Maritime Administration and Safety Agency ("NIMASA") in order to effect the voyage.

11.     As a result of Valeska's failures, NIMASA detained the Vessel.

12.     In order to secure release of the Vessel, Challenger paid the necessary registration fees to NIMASA.

13.     Challenger also incurred significant costs and expenses (including legal and agency fees) to obtain the necessary clearance from NIMASA.

14.     During the time the Vessel was detained, Challenger could not charter the Vessel to other parties.

15.     Valeska breached the Time Charter by failing to take the necessary steps with NIMASA to effect the voyage for which Valeska had chartered the Vessel.

16.     As a result of Valeska's breach, Challenger has incurred damages of at least USD 1,000,000.00.

17.     Valeska is therefore liable to Challenger for damages of at least USD 1,000,000.00.

18.     On information and belief, Valeska is wholly owned, operated, and controlled by Aiteo and/or Aiteo's founder and vice chairman, Benedict Peters.

19.     On information and belief, Valeska shares the same address, offices, telephone numbers, and email addresses as Aiteo.

20.     On information and belief, Valeska is not a distinct corporate entity but instead operates solely as the alter ego of Aiteo.

21.     On information and belief, Valeska and Aiteo use a variety of trade names to conduct business in an effort to mask the identity of the ultimate responsible party.

## Count I – Breach of Maritime Contract

22.     Challenger incorporates the above paragraphs as if fully set forth herein.

23.     Valeska has breached its maritime contract with Challenger (to wit, the Time Charter) as set out more fully above.

24.     Despite repeated demand, Challenger remains unpaid for amounts due under the Time Charter and the amounts Challenger reasonably expects to incur as a result of Valeska's breach of maritime contract.

25.     Challenger demands judgment against Valeska as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

26.     Challenger incorporates the above paragraphs as if fully set forth herein.

27.     Challenger seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

28.     No security for Challenger's claims has been posted by Valeska or anyone acting on its behalf to date.

29.     Valeska cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction – namely, its website and/or internet domain.

WHEREFORE, Challenger prays:

A.     That process in due form of law issue against Valeska, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B.      That since Valeska cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Valeska's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Valeska, up to the amount of at least **USD 1,000,000.00** to secure Challenger's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.      That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D.      That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E.      That Challenger may have such other, further and different relief as may be just and proper.

Dated: June 3, 2016

**GREENHILL LAW GROUP, LLC**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (DE Bar No. 3963)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Phone:          (302) 414-0510 x700
Facsimile:      (302) 595-9346
Email:  ted@greenhilllaw.com

*Counsel for Plaintiff*

OF COUNSEL:
J. Stephen Simms, *pro hac vice pending*
Marios J. Monopolis, *pro hac vice pending*
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Tel:     (410) 783-5795
Fax:     (410) 510-1789
jssimms@simmsshowers.com
mjmonopolis@simmsshowers.com

## VERIFICATION

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware. There is no record of any general or resident agent authorized to accept service of process for Valeska Shipping Lines Limited or the Aiteo Group in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on June 3, 2016.

_____
J. Stephen Simms