**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Challenger Trading S.A., | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | ) Civil Action No. 1:16-cv-00409-LPS |
| v. | ) |
| | ) |
| Valeska Shipping Lines Limited (a/k/a | ) **IN ADMIRALTY** |
| Valeska Nigeria Ltd., a/k/a Valeska Shipping | ) |
| Lines, a/k/a Valeska Shipping, a/k/a Valeska | ) |
| Tankers) | ) |
| | ) |
| and | ) |
| | ) |
| Aiteo Energy Resources Limited (a/k/a Aiteo | ) |
| Group, a/k/a Aiteo Ltd), | ) |
| | ) |
| *Defendants*, | ) |
| | ) |
| And | ) |
| | ) |
| GoDaddy.com LLC, | ) |
| | ) |
| *Garnishee*. | ) |
| | ) |

**AMENDED[1] VERIFIED COMPLAINT
AND REQUEST FOR ISSUANCE OF
WRITS OF MARITIME ATTACHMENT AND GARNISHMENT**

Plaintiff Challenger Trading S.A. ("Challenger" or "Plaintiff") brings this action against

Defendants Valeska Shipping Lines Limited (a/k/a Valeska Nigeria Ltd., a/k/a Valeska Shipping

Lines, a/k/a Valeska Shipping, a/k/a Valeska Tankers) ("Valeska") and Aiteo Energy Resources

Limited (a/k/a Aiteo Group, a/k/a Aiteo Ltd) ("Aiteo," together with Valeska, "Defendants"),

---

[1] Challenger files this amendment as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1). Neither Valeska nor Aiteo were ever served with the Verified Complaint [D.I. 1], so the time limitations set forth in subsections (A) and (B) have not run.

*quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and states as follows:

## Jurisdiction and Venue

1.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This complaint is also brought pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, in that it involves a maritime transaction within the meaning of 9 U.S.C. § 1 and seeks to obtain security in assistance of contemplated London maritime arbitration proceedings pursuant to 9 U.S.C. § 8.

3.      Venue is proper in this District because Garnishee GoDaddy.com LLC, a Delaware limited liability company (the "Garnishee"), is located and can be found in this District.  Defendants cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

4.      Challenger is a Greek corporation and has its principal place of business at J Laliotis Building, 8, Poseidonos Avenue, Kallithea, 176 74 Athens, Greece.  At all times relevant to this action, Challenger was the owner of the M/V ADMIRAL L (the "Vessel").

5.      Valeska is a Nigerian corporation and has its principal place of business at Dockyard Road 5/7, Agapa, Lagos, Nigeria.  Valeska operates under a number of other names, including, but not limited to, Valeska Nigeria Ltd., Valeska Shipping Lines, Valeska Shipping, and Valeska Tankers.

6.    Aiteo is a Nigerian corporation and has its principal place of business at Dockyard Road 5/7, Agapa, Lagos, Nigeria.  Aiteo operates under a number of other names, including, but not limited to, the Aiteo Group and Aiteo Ltd.

7.    The Garnishee named herein is a limited liability company formed under the laws of the State of Delaware, does business in this District, and has a registered agent located within this District.  On information and belief, the Garnishee holds property in which Valeska has an interest.

## Facts

8.    Challenger and Valeska are parties to a time charter agreement (the "Time Charter"), entered into on or about February 22, 2013, pursuant to which Challenger agreed to charter the Vessel to Valeska.

9.    Valeska intended to use the Vessel for a single voyage between two Nigerian ports.

10.    Valeska failed to register the Vessel with and failed to obtain the required clearances from the Nigerian Maritime Administration and Safety Agency ("NIMASA") in order to effect the voyage.

11.    As a result of Valeska's failures, NIMASA detained the Vessel.

12.    In order to secure release of the Vessel, Challenger paid the necessary registration fees to NIMASA.

13.    Challenger also incurred significant costs and expenses (including legal and agency fees) to obtain the necessary clearance from NIMASA.

14.    During the time the Vessel was detained, Challenger could not charter the Vessel to other parties.

15.     Valeska breached the Time Charter by failing to take the necessary steps with NIMASA to effect the voyage for which Valeska had chartered the Vessel.

16.     As a result of Valeska's breach, Challenger has incurred damages of at least USD 1,000,000.00.

17.     Valeska is therefore liable to Challenger for damages of at least USD 1,000,000.00.

18.     Valeska is wholly owned, operated, and controlled by Benedict Peters, who owns 90% of Valeska's shares, and Francis Peters, who owns 10% of Valeska's shares.

19.     Benedict Peters and Francis Peters are the sole directors of Valeska.

20.     Aiteo is wholly owned, operated, and controlled by Benedict Peters, who owns 90% of Aiteo's shares, and Francis Peters, who owns 10% of Aiteo's shares.

21.     Benedict Peters and Francis Peters are the sole directors of Aiteo.

22.     Valeska and Aiteo share the same physical office address, offices, telephone numbers, and email addresses.

23.     Aiteo employees are used interchangeably by Aiteo and Valeska, including, but not limited to, Emin Damirov and Oladele Awonuga.   Mr. Damirov is a "Shipping and Chartering Manager at Aiteo Group / Valeska Tankers" (Exhibit A hereto).   Mr. Awonuga is a "Legal Adviser" who corresponded with Challenger on behalf of Valeska, but is in fact employed in the legal department of Aiteo (Exhibit B hereto).

24.     Payments to Challenger of charter hire for the Vessel were made interchangeably by Valeska and Aiteo (Exhibit C hereto).

25.     The charterers of the Vessel are identified in correspondence from Valeska's and/or Aiteo's agents as "Aiteo Energy Resources Limited" (Exhibit D hereto).   Load orders for

the Vessel and other correspondence from the Vessel's Master are addressed to Valeska but sent to a number of individuals with the "aiteogroup.com" email domain (Exhibit D hereto).

26.      Emails from the Vessel's Master concerning time logs and vessel updates are responded to by Echem Rowland, who is the "Head, Shipping and Operations" for Aiteo (Exhibit E hereto).

27.      Email correspondence from Challenger's P&I club to Valeska is addressed to a number of individuals with the "aiteogroup.com" email domain and are responded to by Mr. Rowland (Exhibit F hereto).

28.      On information and belief, Valeska is not a distinct corporate entity but is instead a corporate façade for its alter ego, Aiteo.

29.      On information and belief, Aiteo uses Valeska (as well as a variety of trade names) to conduct business in an effort to mask the identity of the ultimate responsible party.

## Count I – Breach of Maritime Contract

30.      Challenger incorporates the above paragraphs as if fully set forth herein.

31.      Valeska has breached its maritime contract with Challenger (to wit, the Time Charter) as set out more fully above.

32.      Despite repeated demand, Challenger remains unpaid for amounts due under the Time Charter and the amounts Challenger reasonably expects to incur as a result of Valeska's breach of maritime contract.

33.      Challenger demands judgment against Valeska and Aiteo as set forth more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

34.      Challenger incorporates the above paragraphs as if fully set forth herein.

35. Challenger seeks issue of process of maritime attachment so that it may obtain security for its claims in arbitration, including its contractual attorneys' fees and costs.

36. No security for Challenger's claims has been posted by Valeska or Aiteo or anyone acting on their behalf to date.

37. Valeska and Aiteo cannot be found within this district within the meaning of Rule B, but are believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction – namely, their websites and/or internet domains.

WHEREFORE, Challenger prays:

A. That process in due form of law issue against Valeska and Aiteo, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since Valeska and Aiteo cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Valeska's and Aiteo's tangible or intangible property or any other funds held by any garnishee, which are due and owing to Valeska and Aiteo, up to the amount of at least **USD 1,000,000.00** to secure Challenger's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That since it appears that the U.S. Marshal's Service lacks sufficient staff to effect service of process of Maritime Attachment and Garnishment promptly or economically, and that since appointing a person over 18 years of age and who is not a party to this action will result in substantial economies in time and expense, such a person be appointed pursuant to Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

D. That upon attachment of the amount demanded, that this Court stay this action pending outcome of the parties' arbitration, and this Court retain jurisdiction over this matter through the entry of a judgment or award associated with the pending claims including appeals thereof; and

E. That Challenger may have such other, further and different relief as may be just and proper.

Dated: August 5, 2016

**GREENHILL LAW GROUP, LLC**

*/s/ Theodore A. Kittila*
Theodore A. Kittila (DE Bar No. 3963)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Phone:  (302) 414-0510 x700
Fax:  (302) 595-9346
Email: ted@greenhilllaw.com

OF COUNSEL:
J. Stephen Simms, *pro hac vice*
Marios J. Monopolis, *pro hac vice*
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Phone:  (410) 783-5795
Fax:  (410) 510-1789
Email:  jssimms@simmsshowers.com
         mjmonopolis@simmsshowers.com

*Counsel for Plaintiff*

## <u>VERIFICATION</u>

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf.  I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District of Delaware.  There is no record of any general or resident agent authorized to accept service of process for Valeska or Aiteo in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on August 5, 2016.

_____
J. Stephen Simms